# EXHIBIT A
# TO NOTICE OF REMOVAL



**STATE OF RHODE ISLAND**

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-08337 |
| **Plaintiff**<br>Erin Danna | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen T. Fanning |
| **v.**<br>Rhode Island School of Design<br>**Defendant** | **Address of the Plaintiff's Attorney or the Plaintiff**<br>305 SOUTH MAIN ST<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant** ~Reg. Agent:~<br>Two College Street ~Steven J. McDonald~<br>Providence RI 02903 |

**TO THE DEFENDANT, Rhode Island School of Design:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/2/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

A TRUE COPY ATTEST SERVED

RI CONSTABLE #6063
PAUL G HUGHES

SERVED _____

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Erin Danna<br>v.<br>Rhode Island School of Design<br>**Defendant** | **Civil Action File Number**<br>PC-2020-08337 |
|---|---|

### PROOF OF SERVICE

   I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Rhode Island School of Design, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND                 PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

| SERVICE DATE: ___/___/___ | SERVICE FEE $ _____ |
|---|---|
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED. _____

Signature _____

State of _____

County of _____

On this _____ day of _____, 20 ___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

State of Rhode Island                                    Providence, SC

ERIN K. DANNA
     Plaintiffs
v.                                                      C.A. NO.  PC-2020-08337

RHODE ISLAND SCHOOL OF DESIGN
     Defendant

## AMENDED COMPLAINT

### INTRODUCTORY STATEMENT

The action is commenced by **ERIN K. DANNA (hereinafter "Danna" or "Plaintiff")**
against Rhode Island School of Design (hereinafter "Defendant" or "The School") in
order to remedy or seek relief for the Defendant's unlawful and discriminatory
employment practices based on gender and related retaliation, in violation of The Rhode
Island Fair Employment Practices Act, the Rhode Island Civil Rights Act and other state
and federal laws.

### JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14.
All conditions precedent to establishing this Court's jurisdiction over this action have
occurred or have been complied with.

2.     Considerations of judicial economy, convenience, and fairness to the
litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's
state law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they
form part of the same case or controversy.

3.      Venue is proper in the district pursuant to inter alia, R.I.G.L. 9-4-4 because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the City of Providence, Rhode Island;

c.      Plaintiff Danna would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, in the City of Providence, Rhode Island, but for the Defendant's unlawful practices.

4.      Plaintiff timely filed a formal Charge of Discrimination with the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and suffered retaliation as a result of her protected status.

5.      Plaintiff Danna has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

## THE PARTIES

6.      At all times material to this Complaint, the Plaintiff, Erin Danna, was an individual, is a resident of Providence, Rhode Island.

3

7.     The Defendant, RI School of Design, is duly licensed to do business in the State of Rhode Island. It owns, operates, and maintains a school with a principal place of business at 2 College Street, Providence, RI 02903.

8.     At all times material to the allegations of the Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9.     At all times material to the allegations of the Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the R.I. Civil Rights Act, R.I.G.L. 42-112-1.

10.     At all times material to the allegations of the Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of the R.I.G.L. 42-112-1 et seq., and as interpreted pursuant to the other statutes at issue in this Complaint.

11.     Plaintiff is an "individual(s)" within the meaning of pertinent provisions defining that term, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint. At all times material to the allegations of this Complaint.

4

12.    At all times material to the action, the Defendant was and is an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq.

13.    On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Defendant, and any others engaging in discriminatory workplace treatment of Danna, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14.    Plaintiff is female.

15.    Pursuant to a letter dated April 2, 2019, Plaintiff was hired for a one-year European Honors Post Baccalaureate (EHB) Fellowship position at Defendant RISD.

16.    This Fellowship required that Plaintiff live in the Palazetto Cenci August 20, 2019 through June 30, 2020.   The terms of this position were outlined in a written contract executed by the Employer and the Plaintiff on April 2, 2019 and April 8, 2019, respectively.

17.    After Plaintiff's appointment, she informed the Employer that she had a small child and husband that would also accompany her during her stay in Rome.

18.    Upon learning that Plaintiff had a child and husband, the Employer attempted to dissuade her from taking the position.

19.    In June 2020, Plaintiff's job standards were altered in an attempt to make the position untenable for a mother. She was informed that she would be living in an apartment that was unsanitary and unsuitable for a family, comparable to a dormitory room.

20.    Plaintiff was also denied the correct information to obtain the proper paperwork for her family to initially accompany her abroad.

21.    On December 6, 2019, Plaintiff filed a complaint detailing bullying starting from the time she accepted the job and informed the Employer that she had a family. She further complained that the Employer subsequently changed her job description to her detriment.

22.    In retaliation for her complaints, Plaintiff was subjected to disparate treatment and retaliation. This culminated in her discharge on or around March 13, 2020.

23.    In or about the last week of February 2020, Plaintiff was unable to attend a southern Italy tour trip with her assigned students, due to an appointment with immigration offices which she was required to attend.

24.    Plaintiff's supervisors were aware that she would be absent from the first part of the tour but would join the group for the second part.

25.    Plaintiff was informed that it was not necessary for her to attend.

26.    Plaintiff received an email on February 26th stating that, due to the Covid-19 pandemic, the students, the lead of the program--- titled the "Chief Critic" and Plaintiff would be moved from Rome to Providence for the remainder of the EHP semester.

27.    Due to Plaintiff's family being with her, not knowing if Plaintiff would be provided medical insurance and what type of housing she would be placed in when she arrived in Providence, Plaintiff requested to remain in Rome to perform her duties virtually.

28.    Plaintiff also requested that her contract be reviewed and amended to reflect the move to Providence.

29.    The Employer denied her request to remain in Rome and work remotely and informed her that she had until March 5, 2020 to join her group in Providence or end her contract.

30.    The Defendant terminated Plaintiff's employment effective March 13, 2020 and gave the reason that she abandoned her students and defected from her job.

31.    After the Employer ended Plaintiff's contract it subjected Plaintiff to further retaliation by attempting to evict her from her living quarters in the Cenci during Rome's shutdown.

32.    Plaintiff's *male* director was not required to relocate to Providence and was allowed to perform his duties in Rome.

33.    Plaintiff's male director was in support of her remaining in Rome and assisting him, yet Plaintiff was still sent home.

34.    Plaintiff was informed by the Employer that if she did not join the group in Providence she would be terminated.

35.    Although Plaintiff requested to remain in Italy to continue working with students online, she was told repeatedly that she had to vacate the Cenci and return to Providence because it was necessary for her to work face to face with students.

36.    The students never returned to the RISD campus and were not going to for the entire month of March, while they were quarantined at a hotel in Providence or at their family homes.

37.     Although Plaintiff repeated requests to work online with the students were turned down because of the alleged need for "face to face pedagogy," the day she received notice of her termination for not returning to Providence, the rest of the staff received notice to prepare for online instruction because of the probability of a short or long term shutdown.

38.     Plaintiff immediately and repeatedly requested to be reinstated to continue her contract, with no response from RISD, and her email was subsequently taken down.

39.     Plaintiff stopped receiving pay and her health insurance was terminated.

40.     Plaintiff's parents contacted RISD requesting information and received no response.  They were finally informed that Plaintiff's position had been terminated because there was no longer an EHP program, even though Plaintiff's supervisors were continuing the EHP program with students after they had all returned home after the RISD campus closed.

41.     All of Plaintiff's duties were reassigned and Plaintiff's students were incorrectly informed that Plaintiff quit.

42.     Plaintiff was directed by the Provost not to discuss her employment situation with the students.

43.     Plaintiff had nowhere to live in Providence as RISD gave her no time or financial assistance to find housing for her family.

44.     The actions taken against the Plaintiff by not allowing her to finish out the remainder of her contract, as every other education staff member was allowed to do was in clear retaliation for Plaintiff asserting her rights to a lawful work environment.

8

45.    RISD staff and students were paid out until the end of June, but Plaintiff was not paid because RISD terminated her before the date by which in order to qualify she needed to be employed.

46.    Plaintiff was treated in a disparate manner as compared to her male counterparts.

47.    The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff based on her gender.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff as a result of her gender.

48.    The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of retaliation and unlawful treatment against the Plaintiff because she complained of conduct which she reasonably believed to be unlawful.

**COUNT I**
**RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. SECTION 42-112-1**

49.    The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety.

50.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on gender;

b.  depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.  treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.  causing Plaintiff lost income, benefits and damage to her professional reputation;

e.  causing Plaintiff humiliation, emotional distress and harm to personal reputations.

51.   The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, the Defendant:

a)   subjecting Plaintiff to discriminatory terms and conditions of employment because of her gender;

b)   subjecting Plaintiff to discriminatory conduct;

c)   termination of Plaintiff;

d)   retaliating against Plaintiff.

52.   But for the Defendant's intent to discriminate against Plaintiff based on her gender, Defendant would not have subjected her to discriminatory conduct. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender.

10

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

53.     The allegation in paragraphs 1-52, above, are incorporated herein by reference, in their entirety.

54.     The Defendant's conduct in the termination of Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she objected and asserted conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law.

55.     But for the Defendant's intent to retaliate against the Plaintiffs because of the conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff, subjected Plaintiff to discriminatory terms and conditions of employment or terminated her.

56.     Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

57.     As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her reputations, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

11

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000, *et seq.*

58.     Paragraphs 1-57 above are herein incorporated by reference in their entirety.

59.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

60.     The Defendant's discriminatory conduct, policies, and practices violate the provisions of Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

61.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender.  Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory employment practices;

b.) denying Plaintiff employment opportunities/benefits;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender.

62.     But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory employment practices, denied her employment opportunities/benefits, retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

63.     The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

13

## COUNT IV
### Title IX of the Education Amendments of 1972
### 20 USC 1681 *et. seq.*

64.     The allegations contained in Paragraphs 1-63 above are incorporated herein by reference in their entirety.

65.     At all times material to the allegations in this Complaint, Plaintiff was a qualified individual subject to the protections of Title IX.

66.     Defendant qualifies under Title IX and must operate in a non-discriminatory manner with respect to its educational programs including but not limited to discipline and employment of the Plaintiff.

67.     Defendant has engaged in unlawful conduct and is violation of Title IX.

68.     But for the Defendant's intent to discriminate against the Plaintiff because of her gender, Defendant would not have engaged in the conduct alleged in this Complaint; would not have operated in a discriminatory manner; retaliated against the Plaintiff; or terminated Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to the position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation,

15

and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Erin K. Danna,
By Her Attorney,

*/s/ Stephen T. Fanning*

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

16

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. **Call the Office of Court Interpreters at (401) 222-8710, or**

2. **Send an email message to interpreterfeedback@courts.ri.gov, or**

3. **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

- **The name and number of your case**
- **The language you are requesting**
- **The date and time of your hearing**
- **The location of your hearing**
- **Your name and a telephone number where we can reach you or your lawyer**

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portugués:** Leia esta notificação em camboiano, espanhol e português nas páginas em anexo.

# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1.  **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2.  **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3.  **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

    > **The Office of Court Interpreters**
    > **Licht Judicial Complex**
    > **Cuarto Piso, Oficina 401 A-B**
    > **250 Benefit Street**
    > **Providence, RI 02903**

    **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

> http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi.

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor Room 401
> 250 Benefit Street
> Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]

**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Portugués:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.   Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou

2.   Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou

3.   Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: http://www.courts.ri.gov/interpreters/englishversion/default.aspxi.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

> Gabinete de Intérpretes Judiciais
> Complexo Judicial Licht
> Quarto Piso, Sala 401
> 250 Benefit Street
> Providence, RI 02903

ទើបសេចក្តីជូនដំណឹងនេះជាភាសាខ្មែរ។ អស្សាញ ទិសៅរួយញេីលនៅលើទំព័រដែលបានភ្ជាប់។

សេចក្តីជូនដំណឹង

លោកអ្នកមានរបស្ហាំងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012–05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្តល់សេវាអ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ខ្លួនចោទ ឬ ជនរងគ្រោះ៖ មាតិកាពាក់ព័ន្ធនឹងរបស់អ្នក ឬ បុគ្គលអ្នកចាំផ្គត់ផ្គង់យ៉ាងសំខាន់នៅក្នុងដំណើរការកាត់ក្តី។ សេវាកម្មបកប្រែ ត្រូវបានផ្តល់ជូនដោយឥតគិតថ្លៃសម្រាប់រូបភាគី និងនៅគ្រប់ប្រភេទនៃបណ្តឹង ទាំងរដ្ឋប្បវេណី និងប្រហ្មទណ្ឌ។ អ្នកបកប្រែតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីស្វែងរកលទ្ធផលលើសេវាកម្មបកប្រែ ឬ ផ្តល់ជូនសម្ដីការបកប្រែរបស់សេវាកម្ម សេវាកម្មមានបញ្ជ្រើស្លួមខាងក្រោម ៖

1.   ទូរស័ព្ទទៅកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈ៖លេខ (401) 222-8710 ឬ
2.   ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3.   ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីត្រូវនៅទះ ៖

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Fourth Floor, Room 401**
**250 Benefit Street**
**Providence, RI 02903**

នៅពេលស្នើអ្នកបកប្រែ សូមផ្តល់ជូនរវ័តិមានខ្លួចខាងក្រោម ៖

●   លេខ៖ និងលេខរបស្ហាំងរបស់លោកអ្នក
●   កាលវិធីសាសាការអ្នកស្នើសុំ
●   កាលបរិច្ឆេទ និងពេលវេលាកាការរបស់លោកអ្នក
●   ទីតាំងនៃសាលាការរបស់លោកអ្នក
●   លេខ៖ និងលេខទូរស័ព្ទសេវាកម្មដែលយើងខ្ញុំទាមទាប់ទាក់ទងលោកអ្នក ឬបុគ្គលវ៉ាស់លោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាសាស័ករ៖ឡុយញេីល ឬស្តី និងរស្ហាំញ រូថាំងពត្រ៍ទម្រង់បែបបទប្រព័ន្ធតុលាការដែលមានជាភាសាអង់គ្លេសផ្ងាយទៅ៖ សូមចូល ទៅកាន់គេហទំព័រក៏រយើងខ្ញុំ៖នៅលើអ៊ីនធើណិត ៖

http://www.courts.ri.gov/Interpreters/englishversion/default.aspx។

ដើម្បីស្នើសុំការបកប្រែសេចក្តីជូនដំណឹងនេះជាភាសាសាការខាយរបស្សៀៗ សូមទូរស័ព្ទទៅកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈ៖លេខ (401) 222-8710។ រាជាការហៅចាប់ដៃលដោយក្រមរាគអ្នកឃ្យោជាភាសាអង់គ្លេសថម្មួយយាលោកអ្នករនៅពេលដែលលោកអ្នកទូរស័ព្ទល។

តុលាការ Rhode Island ក្រេថាធ្ញើទ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យឧម្មសុកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903