# SC DOCKET SHEET
## CASE NO. PC-2020-08337

| | | |
|---|---|---|
| Erin Danna<br>v.<br>Rhode Island School of Design | §<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **12/02/2020** |

---

### CASE INFORMATION

**Statistical Closures**
05/03/2021  Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **05/03/2021  Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number        PC-2020-08337
Court              Providence/Bristol County Superior Court
Date Assigned      12/02/2020

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Danna, Erin K** | **FANNING, STEPHEN T.**<br>*Retained*<br>4012728250 x000(W) |
| **Defendant** | **Rhode Island School of Design** | **RICHARD, STEVEN M**<br>*Retained*<br>4014541000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### EVENTS

| | |
|---|---|
| 05/03/2021 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 05/03/2021 | Case Removed to US District Court |
| 04/28/2021 | Notice of Removal<br>*Rhode Island School of Design Notice of Removal* |
| 03/29/2021 | Amended Complaint Filed<br>*Amended Complaint* |
| 12/02/2020 | Summons |
| 12/02/2020 | Complaint Filed<br>*Complaint* |



**STATE OF RHODE ISLAND
AND PROVIDENCE PLANTATIONS**

**CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD**

| Case Information | |
|---|---|

Case Caption: Danna vs. Rhode Island School of Design

Federal Court Case No. 1:21-cv-00188   State Court Case No. PC-2020-08337

| Record Information | |
|---|---|

Confidential:   Yes ✔   No ☐   Description: Danna RTS, Complaint- Danna

Sealed documents:   Yes ☐   No ✔   Description: _____

| Certification | |
|---|---|

I, Sharon Santiago , Clerk of the Rhode Island Superior Court for the County of

Providence do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: 05/03/2021

Clerk of Court

/s/ Sharon Santiago

By Deputy Clerk

**Print Form**   **Reset Form**   **Email Form**

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 3 of 65 PageID #: 34

# EXHIBIT 1

# (REMOVAL PAPERS FILED
# IN U.S. DISTRICT COURT D.R.I.)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 4 of 65 PageID #: 35
Case 1:21-cv-00188-JJM-PAS    Document 1    Filed 04/28/21    Page 1 of 2 PageID #: 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIN K. DANNA,
                Plaintiff,

v.                                          C.A. No. 2021-

RHODE ISLAND SCHOOL OF DESIGN,
                Defendant.

### **NOTICE OF REMOVAL**

        Defendant Rhode Island School of Design ("RISD") hereby notices the removal of this action from the State of Rhode Island Superior Court, Providence County ("Providence County Superior Court"), where it is currently pending under <u>Civil Action No. PC-2021-08337</u>, to the United States District Court for the District of Rhode Island.

        The case is removable under 28 U.S.C. § 1441(a) because it involves federal statutory questions. A copy of all process and pleadings served upon RISD is attached as *Exhibit A*.

        As grounds for its removal of this matter, RISD states as follows:

**I.**       **TIMELINESS OF REMOVAL**

        On April 7, 2021, RISD was served with a summons and a copy of Plaintiff's amended complaint. Accordingly, RISD is timely filing this notice of removal within the thirty-day deadline set by 28 U.S.C. § 1446(b)(1).

**II.**      **VENUE**

        Because Plaintiff filed the amended complaint in Providence County Superior Court, venue is proper in this Court because it is the "district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a).

4852-6631-6007.1

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 5 of 65 PageID #: 36
Case 1:21-cv-00188-JJM-PAS   Document 1   Filed 04/28/21   Page 2 of 2 PageID #: 2

## III.   BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff has

pled causes of action under the following laws of the United States: Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §2000e, and Title IX of the Education Amendments of 1972, 20 U.S.C. §

1681(a).

## IV.   CONCLUSION

WHEREFORE, Defendant RISD respectfully requests that the Court take subject matter

and personal jurisdiction over this action and issue all necessary orders and process to remove

the action from the Providence County Superior Court.

RISD will file a copy of this notice of removal with the Clerk of the Providence County

Superior Court.

RHODE ISLAND SCHOOL OF DESIGN

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1020
Fax: (401) 454-1030
Dated: April 28, 2021        Email: srichard@nixonpeabody.com

## CERTIFICATE OF SERVICE

I certify that on the 28th day of April, 2021, I filed this Notice of Removal via the Court's
CM/ECF system and served a copy electronically upon Stephen T. Fanning, Esq. at
stephenfanning@msn.com

/s/ Steven M. Richard

4852-6631-6007.1

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 6 of 65 PageID #: 37

Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 1 of 24 PageID #: 3

# EXHIBIT A
# TO NOTICE OF REMOVAL

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 7 of 65 PageID #: 38
Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 2 of 24 PageID #: 4



**STATE OF RHODE ISLAND**

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-08337 |
| **Plaintiff**<br>Erin Danna<br>v.<br>Rhode Island School of Design<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen T. Fanning<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>305 SOUTH MAIN ST<br>PROVIDENCE RI 02903 |
| **Licht Judicial Complex**<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>Two College Street<br>Providence RI 02903  *Reg. Agent:*<br>*Steven J. McDonald* |

**TO THE DEFENDANT, Rhode Island School of Design:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/2/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

A TRUE COPY ATTEST SERVED

RI CONSTABLE #6063
PAUL G HAGES

SERVED _____

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 8 of 65 PageID #: 39
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 3 of 24 PageID #: 5



### STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Erin Danna<br>v.<br>Rhode Island School of Design<br>Defendant | Civil Action File Number<br>PC-2020-08337 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Rhode Island School of Design, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion
Address of dwelling house or usual place of abode

Age
Relationship to the Defendant

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

☐ With a guardian or conservator of the Defendant.
Name of person and designation

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation

**Page 1 of 2**

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 9 of 65 PageID #: 40
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 4 of 24 PageID #: 6



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ **By delivering said papers to an officer or a managing or general agent.**
  Name of person and designation _____

☐ **By leaving said papers at the office of the corporation with a person employed therein.**
  Name of person and designation _____

☐ **By delivering said papers to an agent authorized by appointment or by law to receive service of process.**
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ **I was unable to make service after the following reasonable attempts:** _____
_____
_____

SERVICE DATE: ___ / ___ / ___        SERVICE FEE $ _____
              Month   Day   Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE
NOTARIZED.

Signature _____

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or ☐ proved to the notary through satisfactory evidence of identification, which was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____
                              Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 10 of 65 PageID #: 41
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 5 of 24 PageID #: 7

State of Rhode Island                                    Providence, SC

**ERIN K. DANNA**
      **Plaintiffs**
v.                                          C.A. NO.  PC-2020-08337

**RHODE ISLAND SCHOOL OF DESIGN**
      **Defendant**

## AMENDED COMPLAINT

### INTRODUCTORY STATEMENT

The action is commenced by **ERIN K. DANNA (hereinafter "Danna" or "Plaintiff")** against Rhode Island School of Design (hereinafter "Defendant" or "The School") in order to remedy or seek relief for the Defendant's unlawful and discriminatory employment practices based on gender and related retaliation, in violation of The Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act and other state and federal laws.

### JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14. All conditions precedent to establishing this Court's jurisdiction over this action have occurred or have been complied with.

2.     Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

2

3.      Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4 because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the City of Providence, Rhode Island;

c.      Plaintiff Danna would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, in the City of Providence, Rhode Island, but for the Defendant's unlawful practices.

4.      Plaintiff timely filed a formal Charge of Discrimination with the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and suffered retaliation as a result of her protected status.

5.      Plaintiff Danna has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

**THE PARTIES**

6.      At all times material to this Complaint, the Plaintiff, Erin Danna, was an individual, is a resident of Providence, Rhode Island.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

3

7.     The Defendant, RI School of Design, is duly licensed to do business in the State of Rhode Island. It owns, operates, and maintains a school with a principal place of business at 2 College Street, Providence, RI 02903.

8.     At all times material to the allegations of the Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9.     At all times material to the allegations of the Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the R.I. Civil Rights Act, R.I.G.L. 42-112-1.

10.     At all times material to the allegations of the Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of the R.I.G.L. 42-112-1 et seq., and as interpreted pursuant to the other statutes at issue in this Complaint.

11.     Plaintiff is an "individual(s)" within the meaning of pertinent provisions defining that term, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint. At all times material to the allegations of this Complaint.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

4

12.    At all times material to the action, the Defendant was and is an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq.

13.    On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Defendant, and any others engaging in discriminatory workplace treatment of Danna, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14.    Plaintiff is female.

15.    Pursuant to a letter dated April 2, 2019, Plaintiff was hired for a one-year European Honors Post Baccalaureate (EHB) Fellowship position at Defendant RISD.

16.    This Fellowship required that Plaintiff live in the Palazetto Cenci August 20, 2019 through June 30, 2020.   The terms of this position were outlined in a written contract executed by the Employer and the Plaintiff on April 2, 2019 and April 8, 2019, respectively.

17.    After Plaintiff's appointment, she informed the Employer that she had a small child and husband that would also accompany her during her stay in Rome.

18.    Upon learning that Plaintiff had a child and husband, the Employer attempted to dissuade her from taking the position.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

5

19. In June 2020, Plaintiff's job standards were altered in an attempt to make the position untenable for a mother. She was informed that she would be living in an apartment that was unsanitary and unsuitable for a family, comparable to a dormitory room.

20. Plaintiff was also denied the correct information to obtain the proper paperwork for her family to initially accompany her abroad.

21. On December 6, 2019, Plaintiff filed a complaint detailing bullying starting from the time she accepted the job and informed the Employer that she had a family. She further complained that the Employer subsequently changed her job description to her detriment.

22. In retaliation for her complaints, Plaintiff was subjected to disparate treatment and retaliation. This culminated in her discharge on or around March 13, 2020.

23. In or about the last week of February 2020, Plaintiff was unable to attend a southern Italy tour trip with her assigned students, due to an appointment with immigration offices which she was required to attend.

24. Plaintiff's supervisors were aware that she would be absent from the first part of the tour but would join the group for the second part.

25. Plaintiff was informed that it was not necessary for her to attend.

26. Plaintiff received an email on February 26th stating that, due to the Covid-19 pandemic, the students, the lead of the program--- titled the "Chief Critic" and Plaintiff would be moved from Rome to Providence for the remainder of the EHP semester.

27. Due to Plaintiff's family being with her, not knowing if Plaintiff would be provided medical insurance and what type of housing she would be placed in when she arrived in Providence, Plaintiff requested to remain in Rome to perform her duties virtually.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

6

28.     Plaintiff also requested that her contract be reviewed and amended to reflect the move to Providence.

29.     The Employer denied her request to remain in Rome and work remotely and informed her that she had until March 5, 2020 to join her group in Providence or end her contract.

30.     The Defendant terminated Plaintiff's employment effective March 13, 2020 and gave the reason that she abandoned her students and defected from her job.

31.     After the Employer ended Plaintiff's contract it subjected Plaintiff to further retaliation by attempting to evict her from her living quarters in the Cenci during Rome's shutdown.

32.     Plaintiff's *male* director was not required to relocate to Providence and was allowed to perform his duties in Rome.

33.     Plaintiff's male director was in support of her remaining in Rome and assisting him, yet Plaintiff was still sent home.

34.     Plaintiff was informed by the Employer that if she did not join the group in Providence she would be terminated.

35.     Although Plaintiff requested to remain in Italy to continue working with students online, she was told repeatedly that she had to vacate the Cenci and return to Providence because it was necessary for her to work face to face with students.

36.     The students never returned to the RISD campus and were not going to for the entire month of March, while they were quarantined at a hotel in Providence or at their family homes.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 16 of 65 PageID #: 47
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 11 of 24 PageID #: 13

7

37. Although Plaintiff repeated requests to work online with the students were turned down because of the alleged need for "face to face pedagogy," the day she received notice of her termination for not returning to Providence, the rest of the staff received notice to prepare for online instruction because of the probability of a short or long term shutdown.

38. Plaintiff immediately and repeatedly requested to be reinstated to continue her contract, with no response from RISD, and her email was subsequently taken down.

39. Plaintiff stopped receiving pay and her health insurance was terminated.

40. Plaintiff's parents contacted RISD requesting information and received no response. They were finally informed that Plaintiff's position had been terminated because there was no longer an EHP program, even though Plaintiff's supervisors were continuing the EHP program with students after they had all returned home after the RISD campus closed.

41. All of Plaintiff's duties were reassigned and Plaintiff's students were incorrectly informed that Plaintiff quit.

42. Plaintiff was directed by the Provost not to discuss her employment situation with the students.

43. Plaintiff had nowhere to live in Providence as RISD gave her no time or financial assistance to find housing for her family.

44. The actions taken against the Plaintiff by not allowing her to finish out the remainder of her contract, as every other education staff member was allowed to do was in clear retaliation for Plaintiff asserting her rights to a lawful work environment.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 17 of 65 PageID #: 48
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 12 of 24 PageID #: 14

8

45.   RISD staff and students were paid out until the end of June, but Plaintiff was not paid because RISD terminated her before the date by which in order to qualify she needed to be employed.

46.   Plaintiff was treated in a disparate manner as compared to her male counterparts.

47.   The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff based on her gender.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff as a result of her gender.

48.   The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of retaliation and unlawful treatment against the Plaintiff because she complained of conduct which she reasonably believed to be unlawful.

## COUNT I
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. SECTION 42-112-1

49.   The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety.

50.   The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

  a.   interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on gender;

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

9

b. depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d. causing Plaintiff lost income, benefits and damage to her professional reputation;

e. causing Plaintiff humiliation, emotional distress and harm to personal reputations.

51.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, the Defendant:

a)     subjecting Plaintiff to discriminatory terms and conditions of employment because of her gender;

b)     subjecting Plaintiff to discriminatory conduct;

c)     termination of Plaintiff;

d)     retaliating against Plaintiff.

52.     But for the Defendant's intent to discriminate against Plaintiff based on her gender, Defendant would not have subjected her to discriminatory conduct. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 19 of 65 PageID #: 50
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 14 of 24 PageID #: 16

10

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

53.     The allegation in paragraphs 1-52, above, are incorporated herein by reference, in their entirety.

54.     The Defendant's conduct in the termination of Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she objected and asserted conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law.

55.     But for the Defendant's intent to retaliate against the Plaintiffs because of the conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff, subjected Plaintiff to discriminatory terms and conditions of employment or terminated her.

56.     Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

57.     As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her reputations, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

11

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000, *et seq.*

58.     Paragraphs 1-57 above are herein incorporated by reference in their entirety.

59.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

60.     The Defendant's discriminatory conduct, policies, and practices violate the provisions of Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 21 of 65 PageID #: 52
Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 16 of 24 PageID #: 18

12

61.    The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendant:

      a.) subjecting Plaintiff to discriminatory employment practices;

      b.) denying Plaintiff employment opportunities/benefits;

      c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender.

62.    But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory employment practices, denied her employment opportunities/benefits, retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

63.    The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 22 of 65 PageID #: 53
Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 17 of 24 PageID #: 19

13

**COUNT IV**
**Title IX of the Education Amendments of 1972**
**20 USC 1681 *et. seq*.**

64.    The allegations contained in Paragraphs 1-63 above are incorporated herein by reference in their entirety.

65.    At all times material to the allegations in this Complaint, Plaintiff was a qualified individual subject to the protections of Title IX.

66.    Defendant qualifies under Title IX and must operate in a non-discriminatory manner with respect to its educational programs including but not limited to discipline and employment of the Plaintiff.

67.    Defendant has engaged in unlawful conduct and is violation of Title IX.

68.    But for the Defendant's intent to discriminate against the Plaintiff because of her gender, Defendant would not have engaged in the conduct alleged in this Complaint; would not have operated in a discriminatory manner; retaliated against the Plaintiff; or terminated Plaintiff.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 23 of 65 PageID #: 54

Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 18 of 24 PageID #: 20

14

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to the position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation,

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

15

and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

> e.) grant attorney's fees and the costs of the action;

> f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

> g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

> h.) grant such further relief as the court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Erin K. Danna,
By Her Attorney,

*/s/ Stephen T. Fanning*

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 25 of 65 PageID #: 56
Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 20 of 24 PageID #: 22

**16**

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 26 of 65 PageID #: 57
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 21 of 24 PageID #: 23

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Portugués:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.    Call the Office of Court Interpreters at (401) 222-8710, or

2.    Send an email message to interpreterfeedback@courts.ri.gov, or

3.    Visit the interpreters' office to schedule an interpreter:

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor, Room 401
> 250 Benefit Street
> Providence, RI 02903

**When requesting an interpreter, please provide the following information:**

- The name and number of your case
- The language you are requesting
- The date and time of your hearing
- The location of your hearing
- Your name and a telephone number where we can reach you or your lawyer

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor Room 401
> 250 Benefit Street
> Providence, RI 02903

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 27 of 65 PageID #: 58
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 22 of 24 PageID #: 24

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portugués:** Leia esta notificação em camboyano, espanhol e português nas páginas em anexo.

# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;

2. Mandar un correo electrónico a **interpreterfeedback@courts.ri.gov**; o

3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Cuarto Piso, Oficina 401 A-B**
   **250 Benefit Street**
   **Providence, RI 02903**

   **Al solicitar un intérprete, por favor provea la siguiente información:**

- El nombre y el número de su caso

- El idioma que solicita

- La fecha y hora de su audiencia

- Dónde va a tomar lugar su audiencia

- Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Fourth Floor Room 401**
**250 Benefit Street**
**Providence, RI 02903**

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 28 of 65 PageID #: 59
Case 1:21-cv-00188-JJM-PAS    Document 1-1    Filed 04/28/21    Page 23 of 24 PageID #: 25

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano: SAMPLE:** [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portugués:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou

2. Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou

3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

   Gabinete de Intérpretes Judiciais
   Complexo Judicial Licht
   Quarto Piso, Sala 401
   250 Benefit Street
   Providence, RI 02903

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- O nome e o número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 29 of 65 PageID #: 60
Case 1:21-cv-00188-JJM-PAS   Document 1-1   Filed 04/28/21   Page 24 of 24 PageID #: 26

មើលសេចក្ដីថ្លែងណ៍ខាងនេះជាភាសាខ្មែរ អេស្ប៉ាញ ចិនក្ដាំ ប្រហ្វេសនៅលើទំព័រដែលបានភ្ជាប់។

សេចក្ដីថ្លែងដំណឹង

លោកអ្នកមានបទល្មើសនៅក្នុងព្រះរាជ្យតុលាការរដ្ឋ Rhode Island។

លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។

ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងចារនៅពេលបុគ្គលដែលមានចំណេះដឹងនៃភាសាអង់គ្លេសមានកម្រិត (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island នឹងផ្ដល់អ្នកបកប្រែដែលមានឥតគិតថ្លៃដោយឥតគិតថ្លៃសម្រាប់ខ្លួនពួកគេ ទើបទោះ សាក្សី ដែលជាតួភាគីមានការពាក់ព័ន្ធនឹងពិធី បុគ្គលអ្នកនាំដែលមានកម្មវត្ថុខាងសិទ្ធិនៅក្នុងដំណើរការរបស់លោកអ្នក។ លោកអ្នកបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់ពួកគាត់ និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងប្រយ្នុវត្ថិ និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែបុគ្គលទទួលការផ្ដើមនៅក្នុងត្រូវចូតុលាការទាំងអស់របស់ព្រះរាជ្យតុលាការនៃរដ្ឋ Rhode Island។

ដើម្បីស្នើសុំពេលសេវាលោកអ្នកព្រមក្នុងព្រមុដំណើរការរបស់លោកអ្នក លោកអ្នកមានជម្រើសដូចខាងក្រោម ៖

1.  ចូរស្វីយុគណៈគឺជាស៊ីអម្គរួមតាមព្រោះម្រៃតុលាការតាមទូរស័ព្ទលេខ ៖លេខ (401) 222-8710 ឬ
2.  ផ្ញើអ៊ីមែលទៅកាន់ [interpreterfeedback@courts.ri.gov](mailto:interpreterfeedback@courts.ri.gov) ឬ
3.  ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីទទួលបានពេលការបកប្រែ ៖

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Fourth Floor, Room 401**
**250 Benefit Street**
**Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានខាងក្រោម ៖

- ឈ្មោះ និងលេខទូរស័ព្ទរបស់លោកអ្នក
- ភាគវ័ន្តនៃសេវាកម្មការស្ដីពី
- កាលបរិច្ឆេទ និងពេលវេលានៃការរបស់លោកអ្នក
- ទីតាំងនៃការបកប្រែសំរាប់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលចង់ឱ្យទាក់ទងខ្ញុំបានរបស់លោកអ្នក ប្លេមជំរសការម្ហៃបាន

សម្រាប់ព័ត៌មានបន្ថែមទាក់ទងភាសាក៏ដូចជាព្រមទៀ រល់ និងអេស្ប៉ាញ រួមទាំងទ្រង់ទ្រាយផ្សេងៗនៃរបបទតុលាការដែលមានទាកទងភាសាអេស្ប៉ាញដោយ ៖ សូមចូល ទៅកាន់គេហទំព័រ ដែលបានឃើញដ៏នៅលើទីតាំងដំណឹង ៖
[http://www.courts.ri.gov/Interpreters/englishversion/default.aspx](http://www.courts.ri.gov/Interpreters/englishversion/default.aspx)។

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីថ្លែងដំណឹងជាភាសាអានស្យាយ ៖ជាភាសាអ្នកឮយាយ ឬក៏នៅក្រោមអ្នកនិយាយភាសាអង់គ្លេស នូវលលមយយ លោកអ្នក ពល លេខ (401) 222-8710។
កាតការទៅបាច់ដែលព្រោមអ្នកនិយាយភាសាអង់គ្លេស យាយ លោកអ្នក នៅពេលដែលមានការនៅពេលលោកអ្នក ចូរស្នើសុំផ្ដល។

តុលាការ Rhode Island រក្សាទុកនូវតុលាការ ការចប្រាស់ បានសម្របសម្រួលត្រឹមត្រូវ។

ការិយាល័យអ្នកបកប្រែថតុលាការ
**Licht Judicial Complex**
**Fourth Floor Room 401**
**250 Benefit Street**
**Providence, RI 02903**

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 30 of 65 PageID #: 61
Case 1:21-cv-00188-JJM-PAS   Document 1-2   Filed 04/28/21   Page 1 of 2 PageID #: 27

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Erin K. Danni

**DEFENDANTS**
Rhode Island School of Design

**(b)** County of Residence of First Listed Plaintiff   Providence
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen T. Fanning, Esq., 305 S. Main Street, Providence, RI 02903, (401) 272-8250

Attorneys *(If Known)*
Steven M. Richard, Esq., Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903, (401) 454-1020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| | Injury / Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice / Product Liability | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1441(a) (Removal of Federal Question)
Brief description of cause:
Title VII and Title IX claims of employment discrimination, plus state law claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE
04/28/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Steven M. Richard

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                    APPLYING IFP                  JUDGE              MAG. JUDGE

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2021 3:27 PM
Envelope: 3075836
Reviewer: Victoria H

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 31 of 65 PageID #: 62
Case 1:21-cv-00188-JJM-PAS   Document 1-2   Filed 04/28/21   Page 2 of 2 PageID #: 28

JS 44 Reverse (Rev. 08/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**PROVIDENCE, SC**

| | | |
|---|---|---|
| ERIN K. DANNA | | |
|        Plaintiff | | C.A. No. PC-2020-08337 |
| v. | | |
| RHODE ISLAND SCHOOL OF DESIGN | | |
|        Defendant | | |

## DEFENDANT'S REMOVAL NOTICE PURSUANT TO 28 U.S.C § 1446(d)

Defendant RHODE ISLAND SCHOOL OF DESIGN hereby gives notice under 28 U.S.C.

§ 1446(d) that it has filed a Notice of Removal (the "Notice of Removal"), which is attached hereto

as <u>Exhibit 1</u> in the United States District Court for the District of Rhode Island (the "Federal

Court").   The case has been docketed by the Federal Court as **Case No. 21-cv-188-JJM-PAS**.

Defendant's filing of this document and the attached Notice of Removal with the Clerk of

this Court shall effect removal of this action to the Federal Court, and this Court may proceed no

further unless this case is remanded.

Respectfully submitted,

RHODE ISLAND SCHOOL OF DESIGN

<u>/s/      Steven M. Richard</u>
Steven M. Richard (4403)
Nixon Peabody LLP
One Citizens Plaza
Suite 500
Providence, RI 02903
(401) 454-1020
(401) 454-1030 (fax)
srichard@nixonpeabody.com

Dated:  April 28, 2021

4812-6678-9351.1

## CERTIFICATION

I hereby certify that, on the 28th day of April, 2021, I caused this document to be filed and served through the electronic filing system on the following party:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903
stephenfanning@msn.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic filing System

/s/      Steven M. Richard

4812-6678-9351.1

**State of Rhode Island**                    **Providence, SC**

**ERIN K. DANNA**
      **Plaintiffs**

**v.**                                       **C.A. NO.  PC-2020-08337**

**RHODE ISLAND SCHOOL OF DESIGN**
      **Defendant**

<u>**AMENDED COMPLAINT**</u>

**INTRODUCTORY STATEMENT**

The action is commenced by **ERIN K. DANNA (hereinafter "Danna" or "Plaintiff")**

against Rhode Island School of Design (hereinafter "Defendant" or "The School") in

order to remedy or seek relief for the Defendant's unlawful and discriminatory

employment practices based on gender and related retaliation, in violation of The Rhode

Island Fair Employment Practices Act, the Rhode Island Civil Rights Act and other state

and federal laws.

**JURISDICTION AND VENUE**

1.      Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14.

All conditions precedent to establishing this Court's jurisdiction over this action have

occurred or have been complied with.

2.      Considerations of judicial economy, convenience, and fairness to the

litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's

state law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they

form part of the same case or controversy.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 35 of 65 PageID #: 66

2

3.      Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4 because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in the City of Providence, Rhode Island;

c.      Plaintiff Danna would currently be enjoying all rights, benefits, and privileges of her employment,  as a full-time employee of Defendant, in the City of Providence, Rhode Island, but for the Defendant's unlawful practices.

4.      Plaintiff timely filed a formal Charge of Discrimination with the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and suffered retaliation as a result of her protected status.

5.      Plaintiff Danna has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

**THE PARTIES**

6.      At all times material to this Complaint, the Plaintiff, Erin Danna, was an individual, is a resident of Providence, Rhode Island.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 36 of 65 PageID #: 67

3

7.      The Defendant, RI School of Design, is duly licensed to do business in the State of Rhode Island. It owns, operates, and maintains a school with a principal place of business at 2 College Street, Providence, RI 02903.

8.      At all times material to the allegations of the Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9.      At all times material to the allegations of the Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the R.I. Civil Rights Act, R.I.G.L. 42-112-1.

10.      At all times material to the allegations of the Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of the R.I.G.L. 42-112-1 et seq., and as interpreted pursuant to the other statutes at issue in this Complaint.

11.      Plaintiff is an "individual(s)" within the meaning of pertinent provisions defining that term, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint.  At all times material to the allegations of this Complaint.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

12.     At all times material to the action, the Defendant was and is an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq.

13.     On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Defendant, and any others engaging in discriminatory workplace treatment of Danna, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14.     Plaintiff is female.

15.     Pursuant to a letter dated April 2, 2019, Plaintiff was hired for a one-year European Honors Post Baccalaureate (EHB) Fellowship position at Defendant RISD.

16.     This Fellowship required that Plaintiff live in the Palazetto Cenci August 20, 2019 through June 30, 2020.   The terms of this position were outlined in a written contract executed by the Employer and the Plaintiff on April 2, 2019 and April 8, 2019, respectively.

17.     After Plaintiff's appointment, she informed the Employer that she had a small child and husband that would also accompany her during her stay in Rome.

18.     Upon learning that Plaintiff had a child and husband, the Employer attempted to dissuade her from taking the position.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

19.     In June 2020, Plaintiff's job standards were altered in an attempt to make the position untenable for a mother. She was informed that she would be living in an apartment that was unsanitary and unsuitable for a family, comparable to a dormitory room.

20.     Plaintiff was also denied the correct information to obtain the proper paperwork for her family to initially accompany her abroad.

21.     On December 6, 2019, Plaintiff filed a complaint detailing bullying starting from the time she accepted the job and informed the Employer that she had a family. She further complained that the Employer subsequently changed her job description to her detriment.

22.     In retaliation for her complaints, Plaintiff was subjected to disparate treatment and retaliation. This culminated in her discharge on or around March 13, 2020.

23.     In or about the last week of February 2020, Plaintiff was unable to attend a southern Italy tour trip with her assigned students, due to an appointment with immigration offices which she was required to attend.

24.     Plaintiff's supervisors were aware that she would be absent from the first part of the  tour but would join the group for the second part.

25.     Plaintiff was informed that it was not necessary for her to attend.

26.     Plaintiff received an email on February 26th stating that, due to the Covid-19 pandemic, the students, the lead of the program--- titled the "Chief Critic" and Plaintiff would be moved from Rome to Providence for the remainder of the EHP semester.

27.     Due to Plaintiff's family being with her, not knowing if Plaintiff would be provided medical insurance and what type of housing she would be placed in when she arrived in Providence, Plaintiff requested to remain in Rome to perform her duties virtually.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 39 of 65 PageID #: 70

6

28.   Plaintiff also requested that her contract be reviewed and amended to reflect the move to Providence.

29.   The Employer denied her request to remain in Rome and work remotely and informed her that she had until March 5, 2020 to join her group in Providence or end her contract.

30.   The Defendant terminated Plaintiff's employment effective March 13, 2020 and gave the reason that she abandoned her students and defected from her job.

31.   After the Employer ended Plaintiff's contract it subjected Plaintiff to further retaliation by attempting to evict her from her living quarters in the Cenci during Rome's shutdown.

32.   Plaintiff's *male* director was not required to relocate to Providence and was allowed to perform his duties in Rome.

33.   Plaintiff's male director was in support of her remaining in Rome and assisting him, yet Plaintiff was still sent home.

34.   Plaintiff was informed by the Employer that if she did not join the group in Providence she would be terminated.

35.   Although Plaintiff requested to remain in Italy to continue working with students online, she was told repeatedly that she had to vacate the Cenci and return to Providence because it was necessary for her to work face to face with students.

36.   The students never returned to the RISD campus and were not going to for the entire month of March, while they were quarantined at a hotel in Providence or at their family homes.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

37.    Although Plaintiff repeated requests to work online with the students were turned down because of the alleged need for "face to face pedagogy," the day she received notice of her termination for not returning to Providence, the rest of the staff received notice to prepare for online instruction because of the probability of a short or long term shutdown.

38.    Plaintiff immediately and repeatedly requested to be reinstated to continue her contract, with no response from RISD, and her email was subsequently taken down.

39.    Plaintiff stopped receiving pay and her health insurance was terminated.

40.    Plaintiff's parents contacted RISD requesting information and received no response.  They were finally informed that Plaintiff's position had been terminated because there was no longer an EHP program, even though Plaintiff's supervisors were continuing the EHP program with students after they had all returned home after the RISD campus closed.

41.    All of Plaintiff's duties were reassigned and Plaintiff's students were incorrectly informed that Plaintiff quit.

42.    Plaintiff was directed by the Provost not to discuss her employment situation with the students.

43.    Plaintiff had nowhere to live in Providence as RISD gave her no time or financial assistance to find housing for her family.

44.    The actions taken against the Plaintiff by not allowing her to finish out the remainder of her contract, as every other education staff member was allowed to do was in clear retaliation for Plaintiff asserting her rights to a lawful work environment.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 41 of 65 PageID #: 72

8

45.     RISD staff and students were paid out until the end of June, but Plaintiff was not paid because RISD terminated her before the date by which in order to qualify she needed to be employed.

46.     Plaintiff was treated in a disparate manner as compared to her male counterparts.

47.     The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff based on her gender.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff as a result of her gender.

48.     The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of retaliation and unlawful treatment against the Plaintiff because she complained of conduct which she reasonably believed to be unlawful.

## COUNT I
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. SECTION 42-112-1

49.     The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety.

50.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.   interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on gender;

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

b. depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d. causing Plaintiff lost income, benefits and damage to her professional reputation;

e. causing Plaintiff humiliation, emotional distress and harm to personal reputations.

51.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, the Defendant:

a)     subjecting Plaintiff to discriminatory terms and conditions of employment because of her gender;

b)     subjecting Plaintiff to discriminatory conduct;

c)     termination of Plaintiff;

d)     retaliating against Plaintiff.

52.     But for the Defendant's intent to discriminate against Plaintiff based on her gender, Defendant would not have subjected her to discriminatory conduct. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 43 of 65 PageID #: 74

10

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

53.     The allegation in paragraphs 1-52, above, are incorporated herein by reference, in their entirety.

54.     The Defendant's conduct in the termination of Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she objected and asserted conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law.

55.     But for the Defendant's intent to retaliate against the Plaintiffs because of the conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff, subjected Plaintiff to discriminatory terms and conditions of employment or terminated her.

56.     Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

57.     As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her reputations, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 44 of 65 PageID #: 75

11

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000, *et seq.*

58.     Paragraphs 1-57 above are herein incorporated by reference in their entirety.

59.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

60.     The Defendant's discriminatory conduct, policies, and practices violate the provisions of Title VII, by:

a.)  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.)  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.)  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.)  causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 45 of 65 PageID #: 76

12

61.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender.  Such practices include, but are not limited to, Defendant:

      a.) subjecting Plaintiff to discriminatory employment practices;

      b.) denying Plaintiff employment opportunities/benefits;

      c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender.

62.     But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory employment practices, denied her employment opportunities/benefits, retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

63.     The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

Case 1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 46 of 65 PageID #: 77

13

**COUNT IV**
**Title IX of the Education Amendments of 1972**
**20 USC 1681 *et. seq*.**

64.     The allegations contained in Paragraphs 1-63 above are incorporated herein by reference in their entirety.


65.     At all times material to the allegations in this Complaint, Plaintiff was a qualified individual subject to the protections of Title IX.

66.     Defendant qualifies under Title IX and must operate in a non-discriminatory manner with respect to its educational programs including but not limited to discipline and employment of the Plaintiff.


67.     Defendant has engaged in unlawful conduct and is violation of Title IX.


68.     But for the Defendant's intent to discriminate against the Plaintiff because of her gender, Defendant would not have engaged in the conduct alleged in this Complaint; would not have operated in a discriminatory manner; retaliated against the Plaintiff; or terminated Plaintiff.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 47 of 65 PageID #: 78

14

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to the position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation,

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 48 of 65 PageID #: 79

15

and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Erin K. Danna,
By Her Attorney,

*/s/ Stephen T. Fanning*

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2021 12:07 PM
Envelope: 3027418
Reviewer: Jaiden H.

 **STATE OF RHODE ISLAND**

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-08337 |
| **Plaintiff**<br>Erin Danna<br> v.<br>Rhode Island School of Design<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen T. Fanning |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>305 SOUTH MAIN ST<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>Two College Street<br>Providence RI  02903 |

**TO THE DEFENDANT, Rhode Island School of Design:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/2/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Erin Danna<br> v.<br>Rhode Island School of Design<br>**Defendant** | **Civil Action File Number**<br>PC-2020-08337 |
|---|---|

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Rhode Island School of Design, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

---

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
Month     Day     Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 53 of 65 PageID #: 84

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Erin K. Danna<br>30 Smith Avenue<br>Providence, RI 02903 | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-03856** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*

| Enclosures(s) | **Jamie R. Williamson,**<br>**District Director** | September 4, 2020<br>*(Date Mailed)* |
|---|---|---|

cc: **Steven McDonald**
**General Counsel**
**Two College Street**
**Providence, RI 02903**

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

**State of Rhode Island**                                    **Providence, SC**

**ERIN K. DANA**
     **Plaintiffs**
**v.**                                                    **C.A. NO.**

**RHODE ISLAND SCHOOL OF DESIGN**
     **Defendant**


## <u>COMPLAINT</u>


### INTRODUCTORY STATEMENT

The action is commenced by **ERIN K. DANNA (hereinafter "Danna" or "Plaintiff")**

against Rhode Island School of Design (hereinafter "Defendant" or "The School") in

order to remedy or seek relief for the Defendant's unlawful and discriminatory

employment practices based on gender and related retaliation, in violation of The Rhode

Island Fair Employment Practices Act, the Rhode Island Civil Rights Act and other state

and federal laws.

### JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14.

All conditions precedent to establishing this Court's jurisdiction over this action have

occurred or have been complied with.


2.     Considerations of judicial economy, convenience, and fairness to the

litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiffs'

state law claims.  Plaintiffs' state claims are so related to Plaintiffs' federal claims that they

form part of the same case or controversy.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 55 of 65 PageID #: 86

2

3.      Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4 because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in the City of Providence, Rhode Island;

c.      Plaintiff Danna would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, in the City of Providence, Rhode Island, but for the Defendant's unlawful practices.

4.      Plaintiff timely filed a formal Charge of Discrimination with the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender.

5.      Plaintiff Danna has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

**THE PARTIES**

6.      The Plaintiff, Erin Danna, an individual, is a resident of Providence, Rhode Island.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 56 of 65 PageID #: 87

3

7.      The Defendant, RI School of Design, is duly licensed to do business in the State of Rhode Island. It owns, operates, and maintains a school with a principal place of business at 2 College Street, Providence, RI 02903.

8.      At all times material to the allegations of the Complaint, the Defendant has continuously, and do now, employ at least 50 or more employees in the State of Rhode Island.

9.      At all times material to the allegations of the Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the R.I. Civil Rights Act, R.I.G.L. 42-112-1.

10.      At all times material to the allegations of the Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of the R.I.G.L. 42-112-1 et seq., and as interpreted pursuant to the other statutes at issue in this Complaint.

11.      Plaintiff is an "individual(s)" within the meaning of pertinent provisions defining that term, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint.  At all times material to the allegations of this Complaint.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 57 of 65 PageID #: 88

4

12.     At all times material to the action, the Defendant was and is an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq.

13.     On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Defendant, and any others engaging in discriminatory workplace treatment of Danna, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14.     Plaintiff is female

15.     Plaintiff was hired for the EHP Post Baccalaureate Fellow position with Defendant in April 2019.

16.     Plaintiff's contract required her to live in Rome in the Cenci from August 20, 2019 until June 30, 2020.

17.     Plaintiff became aware that she filed an EEOC in January 2020 and then subjected her to retaliation and discrimination leading to her discharge on or about March 13, 2020.

18.     For example, around the last week of February 2020, Plaintiff was precluded from attending the southern tour trip with her assigned students due to her husband's immigration appointment which she was required to attend.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-cv-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 58 of 65 PageID #: 89

5

19.     Plaintiff's supervisor and the Chief Critic were aware that Plaintiff was going to be absent from the first part of the your and would join the second part. She was informed not to attend.

20.     Defendant denied Plaintiff's request to remain in Rome and work remotely.

21.     Defendant terminated Plaintiff's employment effective March 13, 2020 and attempted to evict her from her living quarters in Rome.

22.     Plaintiff was treated in a disparate manner as compared to her male counterparts.

23.     The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff based on her gender. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff as a result of her gender.

## COUNT I
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. SECTION 42-112-1

24.     The allegations contained in Paragraphs 1-23 above are incorporated herein by reference in their entirety.

25.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on gender;

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 59 of 65 PageID #: 90

6

    b. depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

    c. treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on their gender;

    d. causing Plaintiff lost income, benefits and damage to her professional reputation;

    e. causing Plaintiff humiliation, emotional distress and harm to personal reputations.

26. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, the Defendant:

    a) subjecting Plaintiff Baker to discriminatory terms and conditions of employment because of her gender;

    b) subjecting Plaintiff to discriminatory conduct;

    c) termination of Plaintiff;

    d) retaliating against Plaintiff.

27. But for the Defendant's intent to discriminate against Plaintiff based on her gender, Defendant would not have subjected her to discriminatory conduct. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 60 of 65 PageID #: 91

7

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

28.    The allegation in paragraphs 1-23, above, are incorporated herein by reference, in their entirety.

29.    The Defendant's conduct in the termination of Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she objected and asserted conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law.

30.    But for the Defendant's intent to retaliate against the Plaintiffs because of the conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff, subjected Plaintiff to discriminatory terms and conditions of employment or terminated her.

31.    Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

32.    As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her reputations, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 61 of 65 PageID #: 92

8

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000, *et seq.*

33.     Paragraphs 1-23 above are herein incorporated by reference in their entirety.

34.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff  in violation of Title VII.

35.     The Defendant's discriminatory conduct, policies, and practices violate the provisions of Title VII, by:

a.)  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.)  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.)  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.)  causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

36.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender.  Such practices include, but are not limited to, Defendant:

        a.)  subjecting Plaintiff to discriminatory employment practices;

        b.)  denying Plaintiff employment opportunities/benefits;

        c.)  retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender.

37.     But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory employment practices, denied her employment opportunities/benefits, retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

38.     The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 63 of 65 PageID #: 94

10

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiffs with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the reinstatement of Plaintiff Baker to the position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation,

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS    Document 4    Filed 05/03/21    Page 64 of 65 PageID #: 95

11

and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiffs from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Erin K. Danna,
By Her Attorney,

*/s/ Stephen T. Fanning*

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Case Number: PC-2020-08337
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2020 3:04 PM
Envelope: 2858242
Reviewer: Rachel L.

Case 1:21-CV-00188-JJM-PAS   Document 4   Filed 05/03/21   Page 65 of 65 PageID #: 96

12